UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD HOEGEMANN,
    Plaintiff,

v.

DENATO PALMA, *et al.*,
    Defendant.

No. 3:16-cv-1460 (VAB)

**RULING AND ORDER ON MOTIONS TO DISMISS**

Richard Hoegemann ("Plaintiff") brings this Complaint against East Haven Police Officer Donato Palma and Connecticut Parole Officers Jennifer Desena, James Long, Frank Mirto, Randy Lagana, Michael Cardona, Kate Fortuna, and Sheila Thompson. Specifically, Mr. Hoegemann asserts that Mr. Lagana and Mr. Cardona violated Mr. Hoegemann's rights under the Fourteenth Amendment, and Mr. Mirto, Ms. Desena, Mr. Long, Ms. Furtuna, Ms. Thompson, Mr. Palma violated Mr. Hoegemann's rights under the Fourth Amendment.

Mr. Palma now moves to dismiss the Complaint, or, in the alternative, he asks the Court to enter summary judgment in his favor. ECF No. 17.

Mr. Lagana and Mr. Cardona have moved to dismiss the Complaint. ECF No. 28

Ms. Fortuna and Ms. Thompson have moved to dismiss the Complaint. ECF No. 29.

For the following reasons, the Court **GRANTS** Mr. Lagana and Mr. Cardona's motion to dismiss and **GRANTS** Ms. Fortuna and Ms. Thompson's motion to dismiss. The Court **DENIES** Mr. Palma's motion to dismiss without prejudice to renewal.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On August 26, 2016, Mr. Hoegemann, proceeding *pro se*, sued East Haven Police Officer Donato Palma and Connecticut Parole Officers Jennifer Desena, James Long, Frank Mirto, Randy Lagana, Michael Cardona, Kate Fortuna and Sheila Thompson. ECF No. 1. Specifically, Mr. Hoegemann asserted that Mr. Lagana and Mr. Cardona violated Mr. Hoegemann's rights under the Fourteenth Amendment; Mr. Mirto, Ms. Desena, Mr. Long, Ms. Furtuna, Ms. Thompson, and Mr. Palma violated Mr. Hoegemann's rights under the Fourth Amendment; Defendants violated his Fifth, Sixth, and Eighth Amendment rights; and Ms. Desena violated his First Amendment rights. Mr. Hoegemann also brought claims under 42 U.S.C. §§ 1981 and 1985 and 18 U.S.C. §§ 241 and 242.

On February 2, 2017, the Court issued an Initial Review Order under 28 U.S.C. § 1915, dismissing all claims but Mr. Hoegemann's § 1983 claims under the Fourth and Fourteenth Amendments. ECF No. 8. Mr. Hoegemann's claims under the Fourteenth Amendment's due process clause against Mr. Lagana and Mr. Cardona; the Fourth Amendment against Mr. Mirto, Ms. Desena, Mr. Long, Ms. Furtuna, Ms. Thompson, and Mr. Palma for false arrest and unreasonable search and seizure; and the Fourth Amendment against Ms. Desena, Mr. Long, and Mr. Palma for violation of Mr. Hoegemann's right to privacy survived. All claims are against Defendants in their personal capacities.

On April 25, 2017, counsel appeared on behalf of Mr. Hoegemann. ECF No. 22.

Mr. Palma has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), or, in the alternative, under summarily enter judgment against Mr. Hoegemann under Fed. R. Civ. P.

Mr. Lagana and Mr. Cardona have moved to dismiss the Complaint as against them. ECF No. 28. Ms. Fortuna and Ms. Thompson have also moved to dismiss as against them. ECF No. 29.

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Court will dismiss any claim that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Court may also grant summary judgment if the record shows no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986).

## III. DISCUSSION

### A. Mr. Lagana and Mr. Cardona

The Complaint asserts that Mr. Lagana and Mr. Cardona violated Mr. Hoegemann's rights under the Fourteenth Amendment's due process clause. Mr. Hoegemann does not object to Mr. Lagans and Mr. Cardona's motion to dismiss.

The Court therefore dismisses Mr. Lagana and Mr. Cardona from this case.

### B. Ms. Fortuna and Ms. Thompson

The Complaint asserts that Ms. Fortuna and Ms. Thompson violated Mr. Hoegemann's rights under the Fourth Amendment. Mr. Hoegemann does not object to Ms. Fortuna and Ms. Thompson's motion to dismiss.

The Court therefore dismisses Ms. Fortuna and Ms. Thompson from this case.

### C. Mr. Palma

The Complaint maintains that Mr. Palma violated Mr. Hoegemann's right to privacy under the Fourteenth Amendment and that Mr. Palma conducted an unreasonable search and seizure of Mr. Hoegemann in violation of the Fourth Amendment. Mr. Palma argues that Mr. Hoegemann has failed to state a claim upon which this court may grant relief, or, in the alternative, argues that there exists no genuine dispute of material fact.

At the time that Mr. Palma moved to dismiss the complaint, Mr. Hoegemann was proceeding *pro se*. Mr. Palma failed to provide notice to Mr. Hoegemann, as required under Local Rules 12 and 56(b). *See* L.R. 12(a) ("Any represented party moving to dismiss the complaint of a self-represented party shall file and serve, as a separate document in the form set forth below, a 'Notice to Self-Represented Litigant Concerning Motion to Dismiss.' The movant shall attach to the notice copies of the full text of Rule 12 of the Federal Rules of Civil Procedure and Local Civil Rule 7."); L.R. 56(b) ("Any represented party moving for summary judgment against a self-represented party must file and serve, as a separate document, in the form set forth below, a 'Notice to Self-Represented Litigant Concerning Motion for Summary Judgment.' The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of this Local Civil Rule 56."); *see e.g.*, *Telkamp v. Vitas Healthcare Corp. Atl.*, No. 3:15-cv-726 (JCH), 2016 WL 7428189, at *2 (D. Conn. Dec. 23, 2016) (noting that the defendants duly served the plaintiff with notice consistent with L.R. 12(a) before dismissing the plaintiff's complaint); *Bunting v. Kellogg's Corp.*, No. 3:14-cv-621 (VAB), 2016 WL 659661, at *2 (D. Conn. Feb. 18, 2016) ("[T]he Court cannot grant the Defendants' motion because they failed to serve Mr. Bunting with the required notice under Local Rule 56(b).").

Mr. Palma also has not complied with L.R. 56(a). *See* L.R. 56(a)(1) ("A party moving for summary judgment shall file and serve with the motion and supporting memorandum a document entitled "Local Rule 56(a)1 Statement of Undisputed Material Facts," which sets forth, in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3, a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."); *cf. Egri v. Connecticut Yankee Atomic Power Co.*, 270 F. Supp. 2d 285, 291 (D. Conn. 2002) ("A [56(a)(2)] statement that is not in compliance with the Local Rules is the equivalent of no filing at all . . . .").

Under Local Rules 12 and 56, the Court denies Mr. Palma's motion to dismiss without prejudice to renewal.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Mr. Lagana and Mr. Cardona's motion and **GRANTS** Ms. Fortuna and Ms. Thompson's motion. The Court **DENIES** Mr. Palma's motion without prejudice to renewal.

The Clerk of the Court is instructed to terminate Mr. Lagana, Mr. Cardona, Ms. Fortuna, and Ms. Thompson from this case.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of March, 2018.

    /s/ Victor A. Bolden
    VICTOR A. BOLDEN
    UNITED STATES DISTRICT JUDGE